**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony L. JOHNSON, also known as Buffy, also known as Joseph Lee Anderson, also known as Arthur Morris, Defendant–Appellant.**

No. 00–6208.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

### ORDER

This is a direct appeal from a judgment of conviction in a criminal prosecution in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Anthony Johnson was named in a multiple-count, multiple-defendant indictment for his part in a conspiracy to commit wire fraud and identity theft. Johnson later offered to plea to two counts of the indictment and the district court accepted the agreement. The district court found Johnson guilty of two counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2. The court sentenced Johnson to a total of seventy-two months incarceration and a three year period of supervised release. This appeal followed. Counsel for Johnson filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Johnson was served with the motion and brief, but he did not respond.

Johnson was named for his part in masterminding a conspiracy to obtain information about unsuspecting, credit-worthy individuals and then using this information to obtain goods on credit for cash resale.

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Johnson subsequently entered into a skeletal plea agreement in which he committed to plead guilty to Counts Two and Three of the indictment, with no promise of the actual sentence to be imposed, in exchange for the government's promise to dismiss the remaining fourteen counts of the indictment. The parties later appeared before the district court for the formal plea colloquy. The district court inquired of Johnson as to his mental capacity, satisfied itself that Johnson's plea was voluntary, and detailed for Johnson the constitutional protections he would be forfeiting if the plea were accepted. A law enforcement agent offered the factual basis for the charges and Johnson admitted his actual guilt. The court accepted the plea and set the matter over for preparation of a pre-sentence report and sentencing.

Johnson was thereafter supplied with the completed pre-sentence report and offered objections to selected portions of the report. The government, in turn, offered its own objections and took the position that one of Johnson's objections to a factual matter constituted perjury and obstruction of justice. The court reviewed the report at sentencing, noting the guideline range of sixty-three to seventy-eight months (criminal history IV and base offense level at twenty-two), and entertained objections. Counsel for Johnson moved to withdraw his objections, a tactical decision based on the government's agreement to forego further prosecution of Johnson for perjury and witness tampering, and the court heard from all counsel and Johnson. The court then proceeded to sentence Johnson. The court declined to impose a monetary fine but did set Johnson's restitution at $158,809.19. The court also sentenced Johnson to a term of imprisonment in this passage:

> The Court is going to impose a custody sentence in this case of six years or 72 months. The court is going to impose a

period of three years of supervised release. *The 72–month sentence will be on each count, to be served concurrently,* three years supervised release.

The ensuing judgment and commitment order accurately memorialized the announced sentence with one exception. Under the heading "Imprisonment," the following appears:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 72 months. Term of *sixty (60) months imposed under Count 2* of the indictment and term of *twelve (12) months imposed under Count 3 of the indictment to run consecutively with each other* for a total term of seventy-two (72) months.

■ On appeal, counsel for Johnson has posited five arguable issues for review, in furtherance of his duty under *Anders,* while conceding their lack of merit. The first issue is whether Johnson's express waiver of any objections to the pre-sentence report, and his failure to offer any contemporaneous objections to the sentence in open court, means that he may not now raise objections to the sentence. The short answer to this is that a failure to offer objections to the contents of a pre-sentence report allows the district court to accept as true all factual allegations in the report and waives any future objections on appeal or collateral challenge. *United States v. Ward,* 190 F.3d 483, 492 (6th Cir.1999).

■ The second and third issues raised are whether the judgment pronounced in open court differs materially from that recorded on the actual judgment and commitment and, if so, which is correct? Generally, when a clear discrepancy exists between an orally imposed sentence and the written judgment, the oral sentence controls. *United States v. Cofield,*

233 F.3d 405 (6th Cir.2000) (citing *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir.1988)), *cert. denied*, —— U.S. ——, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). In the case at bar, the oral pronouncement of sentence was unambiguous. Therefore, the written judgment is viewed as a clerical mistake which may be corrected by the district court at any time pursuant to Fed. R.Crim.P. 36.

■ The fourth issue raised is whether the district court erred in permitting Johnson to waive his objections to the presentence report in exchange for the government's promise not to prosecute Johnson on other charges, apparently stemming from Johnson's possible perjury or witness tampering relating to his sentencing. Counsel cites no authority for this position and the closest analogy would seem to be to the contract law principles by which any plea agreement is judged. *See, e.g., United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991). In the case at bar, Johnson and his counsel made a clear choice, based on facts not in the record before this panel, to accept the findings and conclusions of the pre-sentence report rather than risk prosecution and possible conviction on other charges. There was no error in this regard.

■ Finally, counsel questions whether Johnson may be held accountable for a restitution award of $158,000 when the base offense level was calculated based on an actual loss in excess of $200,000. This court ordinarily reviews a district court's decision to order a specific amount of restitution for an abuse of discretion; whether an award is permitted at law is reviewed de novo. *United States v. Adams*, 214 F.3d 724, 730 (6th Cir.2000). Johnson's failure to object to this award, however, means that this court will not disturb the decision absent plain error. *United States v. Hall*, 71 F.3d 569, 573 (6th Cir.1995). To establish plain error, a defendant must show:

(1) that the district court committed an error; (2) that the error was plain, obvious or clear; (3) that the error affected the defendant's substantial rights; and (4) that this error seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). There is absolutely no suggestion on the record that the court erred in making the calculations it did. It may be argued that Johnson received the benefit of the doubt in receiving an award of restitution lower that the figure used to calculate the loss to the victims. At any rate, this judgment was not marred by plain error. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.